TODD M. MALYNN (SBN 181595)
Email:  tmalynn@feldmangale.com
**FELDMAN GALE, P.A.**
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone No.  (213) 625-5992
Facsimile No.  (213) 625-5993

Attorneys for Plaintiffs
HAND & NAIL HARMONY, INC.
NAIL ALLIANCE, LLC, AND
NAIL ALLIANCE – ARTISTIC, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation; NAIL ALLIANCE, LLC, a Delaware corporation; and NAIL ALLIANCE – ARTISTIC, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>TEXAS NAILS & BEAUTY SUPPLY, an Texas business entity; TONY LEE, an individual;  DOOR TO DOOR NAIL SUPPLY, a California business entity; NAIL SUPPLY INC, a New York business entity, SALON SUPPLY STORE, a Florida limited liability company, and DOES 1 through 30, inclusive.<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>(1) UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200);<br><br>(2) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);<br><br>(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a);<br><br>(4) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);<br><br>(5) BREACH OF CONTRACT; and<br><br>(6) COMMON LAW UNFAIR COMPETITION |

Plaintiffs HAND & NAIL HARMONY, INC. ("Harmony"), NAIL ALLIANCE, LLC ("Nail Alliance"), and NAIL ALLIANCE – ARTISTIC, INC. ("Nail Alliance Artistic") (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against defendants TEXAS NAILS & BEAUTY SUPPLY

("Texas Nails"), TONY LEE ("Lee"), DOOR TO DOOR NAIL SUPPLY ("Door to Door") , NAIL SUPPLY INC. ("Nail Supply"), SALON SUPPLY STORE, LLC ("Salon Supply"), and DOES 1 through 30 (collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.     This action arises under and this Court has original jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction pursuant to Title 18 U.S.C. § 1367.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a).

## PARTIES

3.     Harmony is a California corporation with its principal place of business in Brea, California. Harmony manufacturers, distributes and sells, *inter alia*, a leading brand of high-quality, soak-of gel polishes and other nail care applications in wide variety of colors under its flagship brand name GELISH® as well as other brand names, including ARTISTIC COLOUR GLOSS® (collectively the "Harmony Goods"). The Harmony Goods include high quality gel polishes and nail care applications, which are sold directly to boutiques and salons in this county and throughout the world using qualified distributors. In order to promote the Harmony Goods, Harmony owns several artistic works, including the Harmony Works, as defined below.

4.     Nail Alliance is a limited liability corporation duly organized under the laws of Delaware. Nail Alliance owns certain marks used in connection with the Harmony Goods, including a portion of the Harmony Marks, as defined below. Nail Alliance exclusively licenses such marks to Harmony.

5.     Nail Alliance Artistic is a Missouri corporation with its principal place of business in Gladstone, Missouri. Nail Alliance Artistic owns certain marks used in connection with the Harmony Goods, including a portion of the Harmony Marks,

as defined below. Nail Alliance Artistic exclusively licenses such marks to Harmony.

6. Upon information and belief, Texas Nails is a business entity of an unknown-type with its principal place of business in San Antonio, Texas. Upon information and belief, Texas Nails obtains, distributes, and sells Harmony Goods in violation of Plaintiffs' rights as alleged herein. Upon information and belief, Texas Nails' conduct includes, *inter alia*, removing, defacing, covering, altering, or destroying Harmony's identification codes from diverted Harmony Goods, and/or buying or receiving defaced Harmony Goods, in violation of Penal Code section 537e, as well as shipping this contraband without properly identifying or packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as amended (49 U.S.C. §§ 5101 *et seq.*).  Further, upon information and belief, Texas Nails owns and operates a fully interactive commercial website at the domain name www.tonynail.net (the "Texas Nails Website") and sells the contraband to consumers in California.  The website includes hundreds of slavishly copied reproductions of the Harmony Works, or substantially similar copies of those works, to promote and perpetuate Texas Nails' unlawful conduct.  Attached as Exhibit "A" is information regarding the identity of Texas Nails and its unlawful operation of the Texas Nails Website, which is incorporated herein by this reference.

7. Lee is an individual who Plaintiffs are informed and believe resides or does business in San Antonio, Texas. Upon information and belief, Lee is a principal, officer, employee, and/or agent of Texas Nails who directs and/or actively participates in Texas Nails' tortious conduct. Upon information and belief, Lee's conduct includes, *inter alia*, removing, defacing, covering, altering, or destroying Harmony's identification codes from diverted Harmony Goods, and/or buying or receiving defaced Harmony Goods, in violation of Penal Code section 537e, as well as shipping this contraband without properly identifying or packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as

1   amended (49.U.S.C. § 5101 *et seq.*).  Upon information and belief, Lee operates,

2   owns, directs, or otherwise controls the content on the Texas Nails Website, and

3   upon information and belief, Lee's wrongful conduct further includes unlawfully

4   copying the Harmony Works, or a substantially similar reproduction of the Harmony

5   Works, and publishing the unlawful reproductions on the Texas Nails Website.

6        8.    Upon information and belief, Door to Door is an unregistered business

7   entity with its principal place of business in Garden Grove, California.  Upon

8   information and belief, Door to Door obtains, distributes, and sells Harmony Goods

9   in violation of Plaintiffs' rights as alleged herein.  Upon information and belief,

10  Door to Door's conduct includes, *inter alia*, removing, defacing, covering, altering,

11  or destroying Harmony's identification codes from diverted Harmony Goods, and/or

12  buying or receiving defaced Harmony Goods, in violation of Penal Code section

13  537e, as well as shipping this contraband without properly identifying or packaging

14  the flammable goods in violation of the Hazardous Materials Transportation Act of

15  1975 as amended (49 U.S.C. §§ 5101 *et seq.*).  Further, upon information and belief,

16  Door to Door owns and operates a fully interactive commercial website at the

17  domain name www.doortodoornailsupply.com (the "Door to Door Website") and

18  sells the contraband to consumers in California.  The Door to Door Website includes

19  hundreds of slavishly copied reproductions of the Harmony Works, or substantially

20  similar copies of the Harmony Works, to promote and perpetuate Door to Door's

21  unlawful conduct.  Upon further information and belief, Door to Door sells its

22  contraband through the online marketplace Amazon.com under the alias or name

23  "Salon Deal," and by and through Amazon.com sells and ships contraband goods to

24  consumers in California.  Attached as Exhibit "B" is information regarding the

25  identity of Door to Door and its unlawful operation of the Door to Door Website,

26  which is incorporated herein by this reference.

27        9.    Upon information and belief, Nail Supply is an unregistered business

28  entity with its principal place of business in Brooklyn, NY.  Upon information and

belief, Nail Supply obtains, distributes, and sells Harmony Goods in violation of Plaintiffs' rights as alleged herein.   Upon information, Nail Supply's conduct includes, *inter alia*, removing, defacing, covering, altering, or destroying Harmony's identification codes from diverted Harmony Goods, and/or buying or receiving defaced Harmony Goods, in violation of Penal Code section 537e, as well as shipping this contraband without properly identifying or packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as amended (49 U.S.C. §§ 5101 *et seq.*).   Further, upon information and belief, Nail Supply sells its contraband through the online marketplace Amazon.com under the alias or name "La Belle B," and by and through Amazon.com sells and ships contraband goods to consumers in California.   Attached herewith as Exhibit "C" is information regarding the identity of Nail Supply and its unlawful operation, which is incorporated herein by this reference.

    10.   Upon information and belief, Salon Supply is a Florida limited liability corporation with its principal place of business in Palm Beach Gardens, Florida. Upon information and belief, Salon Supply obtains, distributes, and sells Harmony Goods in violation of Plaintiffs' rights as alleged herein.   Upon information and belief, Salon Supply's conduct includes, *inter alia*, removing, defacing, covering, altering, or destroying Harmony's identification codes from diverted Harmony Goods, and/or buying or receiving defaced Harmony Goods, in violation of Penal Code section 537e, as well as shipping this contraband without properly identifying or packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as amended (49 U.S.C. §§ 5101 *et seq.*).   Further, upon information and belief, Salon Supply owns and operates a fully interactive commercial website at the domain name www.salonsupplystore.com (the "Salon Supply Website"), and sales the contraband to consumers in California.   The Salon Supply Website includes dozens of slavishly copied reproductions of the Harmony Works, or substantially similar copies of the Harmony Works, to promote and

perpetuate Salon Supply's unlawful conduct.   Attached as Exhibit "D" is information regarding the identity of Salon Supply and its unlawful operation of the Salon Supply Website, which is incorporated herein by this reference.

11.     The true names and capacities, whether individual, associate, corporate or otherwise of the defendants named herein as Does 1 through 30, inclusive, are unknown to Plaintiffs, who therefore sue these defendants, and each of them, by fictitious names.  Plaintiffs are informed and believe that each of the Defendants designated as a Doe is responsible and liable in some manner for the acts and omissions, damages and injuries of which Plaintiffs allege in this Complaint. Plaintiffs will seek leave of court to amend their complaint to state the true names of Does 1 through 30 when ascertained.

12.     Upon information and belief, certain Doe Defendants obtain, distribute, and/or sell Harmony Goods in violation of law and in violation of Plaintiffs' rights as alleged herein.  Upon information and believe, these Doe Defendants' conduct includes, *inter alia*, removing, defacing, covering, altering, or destroying Harmony's identification codes from diverted Harmony Goods, and/or buying or receiving defaced Harmony Goods, in violation of Penal Code section 537e, and/or shipping this contraband without properly identifying or packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as amended (49 U.S.C. §§ 5101 *et seq.*).

13.     Upon information and belief, certain Doe Defendants operate, own, direct, or otherwise control one or more of the other defendants, but the true identities of these Doe Defendants are presently unknown to Plaintiffs.

14.     Upon information and belief, certain Doe Defendants have breached their distribution agreements and/or conspired with, aided or abetted, or with actual knowledge otherwise engaged in, assisted and/or facilitated the aforementioned wrongful conduct, including but not limited to violations of Penal Code section 537c and the breach of Harmony's contractual rights.

## GENERAL ALLEGATIONS

### Plaintiffs and the Harmony Goods

15.    Harmony manufactures, distributes and sells, *inter alia*, professional brands of high-quality, soak-off gel polishes and other nail products and accessories in a wide variety of colors under several trademarks, including GELISH® and ARTISTIC COLOUR GLOSS®.  Harmony's gel polishes and other nail products and accessories are collectively referred to herein as the "Harmony Goods." Harmony, using a limited number of qualified distributors, sells the Harmony Goods to boutiques and salons in this county and throughout the world.

16.    Harmony contractually obligates distributors to sell Harmony Goods to only properly trained boutiques and salons.  Selling exclusively to trained boutiques and salons is important because the gel polish requires careful application of a base coat product, a polish product and a top coat product, each of which must be properly irradiated with ultraviolet light for curing.  Application by an inexperienced person without proper training and equipment may result in uncured or marred finishes.  Worse, untrained/unqualified applications of any nail care product can result in bacterial infections of the nail bed or other painful or lasting injuries.

17.    The Harmony Marks are protected by multiple federal trademark registrations, as well as common law rights, as defined and discussed *infra*.

18.    The high quality nature of the Harmony Goods together with the distinctive Harmony Marks and distinctive, proprietary bottles, lamps and other accessories has made the Harmony Goods a phenomenal commercial success. Harmony has sold millions of bottles of its gel polish in the United States and throughout the world, and consumers recognize the Harmony Goods by, *inter alia,* the Harmony Marks and trade dresses.

19.    Harmony's success in selling the Harmony Goods has attracted a large pack of unauthorized sellers eager to capitalize on Harmony's goodwill.  Like many other famous trademark owners, Harmony suffers ongoing violations of intellectual

property rights at the hands infringers who operate their enterprises without regard to the harm caused to both Harmony and the unsuspecting public.

20. Harmony spends a significant amount of its resources policing and enforcing its intellectual property rights to protect consumers and itself from the corrosive impact of such unlawful merchandise. The financial burden on Harmony is staggering, as is the burden on the court system.

**The Harmony Marks**

21. Harmony's nail care products and related accessories are made in America and are famous and known throughout the industry for their high quality, durability, ease-of-use, consistency and beauty.

22. Harmony's trademarks are inherently distinctive and protected by multiple federal trademark registrations, including the trademark registrations listed in TABLE 1 below, as well as common laws of California. True and correct copies of these federal trademark registrations are attached as Exhibit "E."

| Trademark | Reg. No. | Reg. Date | Class/Goods |
|---|---|---|---|
| **GELISH** | 4,096,115 | 2/7/2012 | 003 – "Nail care preparations" |
| gelish | 3,857,946 | 10/5/2010 | 003 – "Nail care preparations" |
| **HAND & NAIL HARMONY** | 3,750,701 | 2/16/2010 | 003 – "Artificial fingernails; cuticle conditioners; nail buffing preparations; Nail care preparations; Nail cream; Nail enamels; Nail polish; Nail polish removers; Nail tips" |

| **HAND & NAIL HARMONY** | 4,013,304 | 8/16/2011 | 003 – "Nail Polish Removers" |
|---|---|---|---|
| **VITAGEL** | 4,318,850 | 5/25/2012 | 003 – "Nail care preparations" |
| **vitagel** | 4,318,869 | 4/9/2013 | 003 – "Nail care preparations" |
| **VITAGEL BY GELISH** | 4,511,405 | 4/8/2014 | 003 – "Nail care preparations" |
| **18G** | 4,206,100 | 9/11/2012 | 011 – "Apparatus for drying/hardening nail finishes, polishes and varnishes, including desiccate apparatus, drying apparatus, LED type nail dryers, drying apparatus and installations, and lamps" |
| *Artistic* **COLOUR** GLOSS | 4,222,433 | 10/9/2012 | 003 – "Nail care preparations" |
| ARTISTIC COLOUR GLOSS | 4,222,432 | 10/9/2012 | 003 – "Nail care preparations" |

TABLE 1: U.S. Registrations for Harmony Marks

23.    The brand name of each Harmony color is also protected under the Lanham Act and the common laws of California.  Collectively, the federal and common law trademarks identified herein are referred to as the "Harmony Marks."

24.    Over a period of years, Harmony has invested substantial time, money and other resources widely promoting the Harmony Marks in the United States and throughout the world.  The Harmony Marks are symbols of Harmony's quality, reputation and goodwill and have never been abandoned.  Harmony Marks, and the goods they represent, are widely promoted on the Internet and in numerous industry publications and trade shows, by Harmony and authorized distributors, among others.  Harmony's promotional efforts include creating and published marketing material, including the copyright Harmony Works discussed *infra*.  As a result of Harmony's efforts, the Harmony Marks have obtained a secondary meaning in the marketplace and members of the consuming public readily identify the Harmony Goods as being high quality goods sponsored and approved by Harmony.

25.    The Harmony Marks have never been assigned or licensed to any of the Defendants in this matter, including for the uses of which the Harmony Marks are being wrongfully utilized.  Harmony and Nail Alliance carefully monitor and police the use of the Harmony Marks and the Harmony Goods.

## Harmony's Copyrighted Works

26.    As part of its efforts to market and promote the Harmony Goods, Harmony owns artistic photographs and depictions of Harmony Goods and product packaging (collectively, the "Harmony Works"), as well as in other promotional material distributed by Harmony, which constitute copyrightable subject matter under the laws of the United States.

27.    Harmony obtained the United States Copyright Registrations identified below in TABLE 2.  True and correct copies of such Registration Certificates for the claims of copyright from TABLE 2 are attached herewith as Exhibit "F."

| Title | Copyright No. | Reg. Date |
|---|---|---|
| GELISH Nail Care November 18, 2012 | VA0001880732 | 9/3/2013 |
| GELISH Nail Care June 18, 2012 | VA0001880751 | 9/3/2013 |
| GELISH Nail Bottle | VA0001880769 | 9/3/2013 |
| GELISH NAIL Care August 21, 2012 | VA0001880736 | 9/3/2013 |
| GELISH Nail Care January 2012 | VA0001880744 | 9/3/2013 |
| GELISH Nail Care September 2012 | VA0001874516 | 9/3/2013 |
| GELISH Nail Care June 25, 2012 | VA0001880735 | 9/3/2013 |
| GELISH Nail Care March 8, 2012 | VA0001880747 | 9/3/2013 |
| GELISH May 18, 2011 Nail Care | VA0001880730 | 9/3/2013 |
| GELISH Nail Care May 11, 2011 | VA0001880730 | 9/3/2013 |
| GELISH Nail Care June 2011 | VA0001880109 | 9/3/2013 |
| GELISH NAIL CARE May 19, 2011 | VA0001880731 | 9/3/2013 |
| GELISH Nail Care August 2, 2011 | VA0001880748 | 9/3/2013 |
| GELISH Nail Care March 2011 | VA0001880728 | 9/3/2013 |
| GELISH Nail Care August 5, 2011 | VA0001880668 | 9/3/2013 |
| GELISH Dark Pink Builder Gel | VA0001880742 | 9/3/2013 |
| GELISH Nail Care November 11, 2011 | VA0001880745 | 9/3/2013 |
| GELISH Nail Care December 2010 | VA0001880698 | 9/3/2013 |
| GELISH Nail Care June 2010 | VA0001880740 | 9/3/2013 |
| Genuine Gelish Products Certified | VA0001904372 | 8/27/2013 |
| Gelish Products From 1/12/13 – 4/12/13 | VA0001864773 | 4/24/2013 |

TABLE 2: COPYRIGHT REGISTRATIONS

28.     From 2013 until the filing of this Complaint, Harmony has complied in all respects with the Copyright Act of October 19, 1976, Title 1 § 101, 90 Stat. 2541; 17 U.S.C. § 401-412, and all other laws governing copyright.

**Harmony's Distribution Agreements**

29.     Harmony sells the Harmony Goods exclusively to authorized distributors.   Distributors enter into an agreement with Harmony and/or Nail

Alliance, and these distributor agreements are valuable to Plaintiffs. Harmony distributors have agreed to distribute and sell the Harmony Goods only under certain conditions, including through promotion and development of valuable professional salon business for Harmony. Plaintiffs' distribution agreements restrict the sale of Harmony's products to licensed professionals and beauty salons in California and throughout the world. When general merchandisers sell Harmony Goods outside of the salons and licensed professionals trained to effectively use the Harmony Goods, and in particular gel polish, their conduct could injure Harmony's goodwill and reduce Harmony's sales to salon customers.

30.     Plaintiffs' distributor agreements also inform authorized distributors of Plaintiffs' policy against diversion and expressly prohibit the sale of Harmony Goods to unauthorized distributors, redistributors, and diverters, and over the Internet (in contrast to using the Internet for promotion). The distributor agreements also require Plaintiffs' authorized distributors to carefully monitor the purchasing patterns of all its salon customers and licensed professionals.

**Defendants' Scheme to Violate Criminal Laws, Divert Harmony Goods, and Infringe Plaintiffs' Intellectual Property Rights**

31.     Despite Harmony's efforts to control and maintain the safety and quality of the Harmony Goods throughout its supply chain and to ensure that the Harmony Goods are only sold to those who have been properly educated in the proper application of these products, the Harmony Goods are currently being diverted to unauthorized distributors.

32.     The Harmony Goods are manufactured with identification codes, which Defendants are defacing, covering, altering, or destroying on many, if not all, of these diverted Harmony Goods in direct violation of Penal Code section 537e. Each identification code, which includes laser etching in the bottle, allow Harmony to identify the origination of the bottle. By defacing the Harmony Gods, Defendants

1    are thwarting Harmony's ability to not only determine the source of the bottles, but
2    also ensure qualify control, customer service and ability to recall product.

3       33.    Defendants Texas Nails, Tony Lee, Door to Door, Nail Supply, Salon
4    Supply, and certain Doe Defendants have been buying, receiving, and/or selling
5    diverted Harmony Goods of which Harmony's identification codes have been
6    defaced, covered, altered, or destroyed by other Defendants.  Additionally, at least
7    some of these diverted Harmony Goods are being shipped from within this State to
8    other states and to other countries without properly identifying and/or packaging the
9    flammable goods in violation of the Hazardous Materials Transportation Act of
10   1975 as amended (49 U.S.C. §§ 5101 *et seq*.).

11      34.    None of the named Defendants are authorized distributors of the
12   Harmony Goods.  Nevertheless, these Defendants sell diverted Harmony Goods in
13   direct competition with Plaintiffs and their authorized distributors.

14      35.    Upon information and belief, Defendants have knowledge of the
15   restrictions in Harmony's authorized distributor agreements concerning the sale of
16   Harmony Goods, which restrict them from legitimately obtaining and selling over
17   the Internet the Harmony Goods.  Therefore, Defendants have resorted to improper
18   means to divert Harmony Goods in violation of the law and in breach of Harmony's
19   distribution agreements.  Defendants' clandestine activities have prevented Plaintiffs
20   from identifying the source of the diverted goods.  It also prevents salons and
21   boutiques from, *inter alia,* identifying the proper shelf life of those goods.

22      36.    The unlawful shipment of the Harmony Goods is done outside
23   Plaintiffs' control.  Harmony is unable to observe any product defects which may be
24   introduced during the unlawful shipping process.

25      37.    Upon information and belief, the unregulated and unlawful shipping
26   process conducted by Defendants results in, or at least promotes an environment for
27   generating, defective conditions of the unlawfully shipped goods.

28

38.     Consumers are, and likely would be, confused or deceived that the goods sold by Defendants, and potentially being applied by untrained cosmetologists, are genuine Harmony Goods from authorized distributors.

39.     Any changes or defects to the unlawfully shipped goods would be unknown to both Plaintiffs and the unwary consumer.  Further, consumers are unlikely to know that an untrained or unlicensed individual is or might be applying the nail product to them until damage had already occurred.  Thus, consumers of the diverted contraband are unlikely to know that he or she is receiving a potentially defective nail care product by a potentially untrained or unlicensed individual bearing one or more of the Harmony Marks in violation of the law and in breach of Plaintiffs' distribution agreements.

40.     Moreover, to further increase the confusion, one or more Defendants have infringed and are infringing Harmony's registered copyrights by copying numerous photographs and images, including product images, model photographs, text and product glamour shots, protected by Harmony's Copyright Registrations on various websites, including Texas Nails Website, Door to Door Website, Salon Supply Website (collectively, the "Infringing Websites") as well as through third party websites, such as Amazon.com.

41.     The Infringing Websites display numerous images and descriptions copied directly from Harmony's copyrighted works, as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15  Tony Nails Website – Harmony Gelish Foundation (annotated)
16
17
18



19
20
21
22
23  Harmony Works Registration No. VA 1-880-735
24
25
26
27
28



Door to Door Website – Harmony Gelish Rendezvous Page (annotated)



Harmony Work Registration No. VA 1-880-745



Salon Supply Website – Morroccan Nights Page



Harmony Work Registration No. VA 1-880-747

42.   In fact, one or more Infringing Websites present numerous Harmony Goods for sale on *each* webpage, and the advertisements of the Harmony Goods copies or at least utilizes a confusingly similar depiction of a copyrighted Harmony Work.  Exhibits "A," "B," and "D" include printouts from the Infringing Websites showing the extent of Harmony Goods for sale on each Infringing Website. Attached herewith as Composite Exhibit "G" are spreadsheets demonstrating the rampant copyright infringement on the Infringing Websites.

43.   Because Harmony incorporates a copyright notice on its copyrighted materials, Defendants were on actual or constructive notice that Harmony owns all rights in the copyrighted works.

44.   Plaintiffs have performed or satisfied all pre-conditions to this action or any such actions have been waived by Defendants.

## FIRST CAUSE OF ACTION FOR UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Against All Defendants)

45.   Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 44 above as if fully set forth herein.

46.   Defendants' wrongful conduct, as alleged herein, constitutes unlawful, unfair and/or fraudulent acts or practices as defined by California's Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*).

47.   Defendants are either directly, in conspiracy with the other defendants, or with actual knowledge of the other defendants' wrongful conduct, substantially assisting the other defendants, engaging in unlawful business practices, including:

   a.   Knowingly buying, selling, receiving, disposing of by shipping out of this State, and/or possessing the Harmony Goods from which Harmony's identification codes have been removed, defaced, covered, altered, or destroyed, in direct violation of California Penal Code section 537e; and/or

b. Shipping the diverted Harmony Goods without properly identifying and packaging the flammable goods in violation of the Hazardous Materials Transportation Act of 1975 as amended (49 U.S.C. §§ 5101 *et seq.*).

48.    In addition, Defendants have either directly, in conspiracy with the other defendants, or with actual knowledge of the other defendants' wrongful conduct, substantially assisted the other defendants to engage in unfair and deceptive practices by, among other things:

a. Misleading consumers into believing that Defendants are authorized by Harmony to distribute Harmony Goods; and/or

b. Failing to inform customers that Harmony's identification codes have been removed from the diverted Harmony Goods that they offer for sale, and that as such those goods are not subject to the quality controls established by Harmony, and that the diverted Harmony Goods are not entitled to Harmony's warranty and other support services, such as notice of any product recalls.

49.    Defendants' wrongful conduct has caused Plaintiffs to suffer a loss of money or property within the meaning of the statute, including (a) lost sales due to the unfair competition, (b) price erosion due to the unfair competition and undercutting of price due to, *inter alia*, the unlawful transportation of goods, (c) the costs of investigating whether the diverted Harmony Goods are counterfeit goods or altered Harmony Goods, and (d) monetary harm due to the injury to the goodwill associated with the Harmony Marks.

50.    Defendants' wrongful conduct, unless restrained by order of this Court, will continue to cause Plaintiffs to suffer a loss of money or property within the meaning of the statute and will continue to cause irreparable harm to Plaintiffs and

the consumer public at large. Plaintiffs have no adequate remedy at law to prevent such irreparable harm.

51.   As a result of Defendants' wrongful acts in violation of California's Unfair Competition Law, Plaintiffs are entitled to preliminary and permanent injunctive relief, prohibiting Defendants from transporting, delivering, selling, buying, or even possessing any Harmony Goods on which Harmony's identification codes have been rendered ineligible, from shipping any Harmony Goods in violation of the Hazardous Materials Transportation Act, from engaging in any conduct that would tend to mislead the public into believe that Defendants are authorized by Harmony to distribute Harmony Goods, and alternative equitable relief, including restitution and disgorgement of profits.

## SECOND CAUSE OF ACTION FOR FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

### (Against All Defendants)

52.   Plaintiffs restate and reassert each and every allegation set forth in paragraphs 1 through 51 above as if full set forth in this count.

53.   Plaintiffs are the exclusive owners of the Harmony Marks.

54.   Defendants have intentionally and willfully used and continue to use the Harmony Marks in connection with goods or services in commerce without Plaintiffs' authorization, in a manner that is likely to cause confusion, to cause mistake, or to deceive. Thus, Defendants actions constitute trademark infringement under 15 U.S.C. § 1114.

55.   Defendants have either directly, in conspiracy with the other defendants, or with actual knowledge of the other defendants' wrongful conduct, removed and/or substantially assisted the other defendants to remove Harmony's identification codes from the Harmony Goods, and then buy, sell, ship and/or receive the Harmony Goods without Harmony's identification codes.  Harmony's

identification codes are designed to, *inter alia*, assist Harmony and its agents in quality control and detection of counterfeits. Defendants' actions have interfered with Harmony's ability to control the quality of its Harmony Goods and has subject Plaintiffs' to the risk of injury to the reputation of the Harmony Marks.

56.    Additionally, the appearance of the bottles associated with the Harmony Goods and Harmony Marks is material to the consumer decision to purchase the Harmony Goods. The grinding or removal of the identification codes degrades the appearance of the bottles. It also restricts boutiques from knowing the shelf life of the diverted goods. Accordingly, the Harmony Goods Defendants distribute are materially different from those originally sold by Harmony.

57.    As a direct and proximate result of Defendants' infringement of Plaintiffs' Harmony Marks, Plaintiffs have suffered and continue to suffer damages to their business, goodwill, and property in an amount not less than $100,000 per Defendant, with the precise amount to be ascertained at trial.

58.    Unless immediately restrained and enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendants will persist in their activities, thereby causing Plaintiffs additional irreparable harm.

59.    Plaintiffs are informed and believe that this case qualifies as an exceptional case for which this Court should award attorney's fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION FOR FEDERAL UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

60.    Plaintiffs restate and reassert each and every allegation set forth in paragraphs 1 through 51 above as if fully set forth in this count.

61.    Plaintiffs are the exclusive owners of the Harmony Marks.

62.    Defendants have intentionally and willfully used and continue to use the Harmony Marks in connection with goods or services in commerce without

Plaintiffs' authorization, in a manner that is likely to cause confusion, to cause mistake, or to deceive. Thus, Defendants actions constitute federal unfair competition under 15 U.S.C. § 1125(a).

63.   Defendants have either directly, in conspiracy with the other defendants, or with actual knowledge of the other defendants' wrongful conduct, substantially assisted the other defendants to remove Harmony's identification codes from the Harmony Goods that Defendants sell by grinding the identification codes out of the bottles and then buying, selling, and/or shipping the Harmony Goods without Harmony's identification codes. Harmony's identification codes are designed to, *inter alia*, assist Harmony and its agents in quality control and detection of counterfeits.

64.   Defendants do not inform consumers or potential consumers that the diverted Harmony Goods have been altered in such a way that those goods are not subject to the quality controls established by Harmony.  To the contrary, Defendants intentionally and willfully mislead consumers into believe that they are authorized Harmony distributors.

65.   Defendants' actions have interfered with Harmony's ability to control the quality of its Harmony Marks and have subject Plaintiffs to the risk of injury to reputation of the Harmony Marks by consumer association of Defendants with the Harmony Marks and Plaintiffs.

66.   As a direct and proximate result of Defendants' infringement of Plaintiffs' Harmony Marks, Plaintiffs have suffered and continue to suffer damages to their business, goodwill, and property in an amount not less than $100,000 per Defendant, with the precise amount to be ascertained at trial.

67.   Unless immediately restrained and enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendants will persist in their activities, thereby causing Plaintiffs additional irreparable harm.

68.     Plaintiffs are informed and believe that this case qualifies as an exceptional case for which this Court should award attorney's fees pursuant to 15 U.S.C. § 1117(a).

**FOURTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT**

**(Against Texas Nails, Tony Lee, and Door to Door)**

**(17 U.S.C. § 501)**

69.     Plaintiffs restate and reassert each and every allegation set forth in paragraphs 1 through 44 above as if fully set forth in this count.

70.     The Harmony Works were registered with the U.S. Copyright Office prior to the institution of this action.

71.     The copyrighted Harmony Works, including the advertising artwork of Harmony Products described herein, constitute copyrightable subject matter under United States law.

72.     Harmony is the exclusive owner to the copyrighted Harmony Works. No license or authorization has ever been granted to defendants Texas Nails, Tony Lee, or Door to Door (herein the "Copyright Defendants") for the use any of the Harmony works.

73.     Copyright Defendants have intentionally and willfully infringed Harmony's copyrights by their unauthorized copying of the copyrighted Harmony Works on the Infringing Websites.

74.     Copyright Defendants have the right and ability to supervise the infringing activity occurring on the Infringing Websites. Copyright Defendants operate the Infringing Websites and have the ability to control the content on the Infringing Websites, including the publishing of the copyrighted Harmony Works.

75.     Copyright Defendants also have a financial interest in continuing the unlawful activity and rampant copyright infringement occurring on the Infringing Websites. Copyright Defendants are profiting from the unlawful business.

76.    Copyright Defendants are vicariously liable for the ongoing and rampant infringement of copyrighted Harmony Works on the Infringing Websites.

77.    Copyright Defendants knew or should have known of the copyright infringement occurring on the Infringing Websites. Copyright Defendants intentionally and willfully copied the Harmony Works in support of sales of their unlawful sales and shipments of diverted goods.

78.    Copyright Defendants induced, caused, or materially contributed to the infringing conduct. Copyright Defendants, as the owners and operators of the Infringing Websites, actively control and contribute to the infringing content on the Infringing Websites.

79.    Copyright Defendants are liable for contributing to the ongoing and rampant infringement of copyrighted Harmony Works on the Infringing Websites.

80.    As a proximate result of Copyright Defendants' unlawful copying, Copyright Defendants have been unjustly enriched while Plaintiffs and its authorized distributors have suffered damages.

81.    Plaintiffs are entitled to recover from Copyright Defendants statutory damages pursuant to 17 U.S.C. §504(c) and/or actual damages which they have sustained and will sustain as a result of Defendants' wrongful copying.  Plaintiffs actual damages are not less than $100,000 per Defendant, the precise amount to be determined at trial.

82.    Plaintiffs are also entitled to recover from Copyright Defendants the profits that Copyright Defendants have obtained as a result of the wrongful conduct alleged herein.  At this time, Plaintiffs cannot presently ascertain Copyright Defendants' profits, but are entitled to an accounting from each Copyright Defendant to permit Plaintiffs to determine the profits gained by Copyright Defendants' unlawful conduct.

83.    Given the nature of the wrongful conduct, Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs full and adequate

relief.    Copyright Defendants' wrongful conduct should be preliminarily and permanently enjoined, otherwise Plaintiffs will continue to suffer irreparable and ongoing harm.

84.    The unlawful acts of Copyright Defendants described herein were conducted willfully, fraudulently, and/or maliciously.    Therefore, Plaintiffs are entitled to recover punitive and/or enhanced damages, including treble damages.

85.    Plaintiffs also are entitled to recover their costs and attorneys' fees as a result of Copyright Defendants' copyright infringement.

## FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Doe Defendants)

86.    Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 44 above as if fully set forth herein.

87.    Harmony has entered into a valid and enforceable distribution agreements with one or more Doe Defendants.

88.    These distributor Doe Defendants have breached their distribution agreement by, *inter alia,* selling to unauthorized distributors, redistributors, or diverters, including other Defendants in this Action, or otherwise facilitating the general merchandizing of Harmony Goods over the Internet.

89.    Upon information and belief, each authorized distributor Doe Defendant has also breached its distribution agreement by removing, obliterating, or tampering with the contents, packaging, labeling or batch or other codes on the Harmony Goods purchased from Harmony, and/or by conspiring or aiding and abetting such misconduct by one or more other Defendants.

90.    The Doe Defendants breaches of contract have cause Plaintiff damages in an amount not less than $1,000,000, the precise amount to be proven at trial.

91.    Harmony seeks all appropriate relief, including but not limited to compensatory and consequential damages, declaratory, injunctive and restitutionary relief, costs, interests and if provided by contract an award of attorneys' fees.

## SIXTH CAUSE OF ACTION FOR INTERFERENCE WITH CONTRACTUAL RELATIONS AND/OR PROSPECTIVE BUSINESS ADVANTAGES

**(Against All Named Defendants and**

**Doe Defendants Not Subject to the Fifth Cause of Action)**

92.     Plaintiffs restate and reallege the allegations in Paragraphs 1 to 44 and 86 to 91 above as if fully set forth herein.

93.     Plaintiffs have contracts with certain authorized distributors, one or more of which is breaching their distribution agreements.  Harmony distributors have agreed to distribute and sell the Harmony Goods pursuant to certain terms and conditions, which are known to Defendants.  Plaintiffs' agreement and policies with their authorized distributors prohibit diversion and the selling of Harmony Goods on the Internet without Harmony's advanced approval.

94.     Harmony's distribution agreements also are designed to restrict the sale of the Harmony Goods to licensed salons with properly trained cosmetologists.

95.     When general merchandisers sell Harmony Goods outside the authorized distribution network, their conduct damages Plaintiffs' goodwill and could endanger end-user customers who may receive nail care services from untrained individuals.  Defendants know and have access to this information.

96.     Plaintiffs are informed and believe that Defendants know of the existence of the Harmony distribution agreements and know of the restrictions concerning the Harmony Products, and reasons therefore.

97.     On information and belief, Defendants intended to cause breaches by authorized Harmony distributors of their contractual obligations with Harmony so that those distributors would sell Harmony Goods to Defendants.  Defendants' conduct was a substantial factor in making Plaintiffs' performance of their contracts with the Harmony distributors more difficult, more expensive and less profitable.

98.   As a result of the conduct of Defendants, Plaintiffs' contractual relationships have been harmed, breached and disrupted.  Plaintiffs have suffered damages as a result of Defendants' conduct, including increased costs and reduced revenues with its authorized dealers, as their customers have purchased fewer Harmony Goods than they otherwise would have purchased.  Plaintiffs have suffered actual damages of at least $500,000 per Defendant, with the precise amount to be determined at trial.

99.   On information and belief, Defendants intentionally interfered with the economic relationships between Plaintiffs and their authorized distributors, both existing and prospective, that were likely to have resulted in an economic benefit to Plaintiffs. Alternatively, Defendants knew or should have known of these relationships between Plaintiffs and its existing and prospective authorized distributors.  Defendants knew or should have known that these relationships would be disrupted if Defendants failed to act with reasonable care.  Defendants failed to act with reasonable care by conducting their unlawful activity as described herein.

100.   As a proximate result of Defendants' intentional, reckless or at least negligent wrongful actions, the relationships between Plaintiffs and their existing and prospective authorized distributors have been disrupted and Plaintiffs have been harmed.  The wrongful conduct described herein was a substantial factor in causing harm to the Plaintiffs.  Plaintiffs have suffered damages as a result of this unlawful conduct, including decreased revenues as customers have purchased fewer Harmony Goods than they otherwise would have.

101.   Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs adequate relief.  Unless Defendants are preliminarily and permanently enjoined, Plaintiffs will continue to suffer irreparable and ongoing harm. Thus, Defendants should be preliminarily and permanently enjoined from further interfering with Plaintiffs' existing and prospective business relationships.

102.   Defendants' wrongful acts were conducted willfully, fraudulently, and/or maliciously, and therefore Plaintiffs are entitled to punitive damages.

## **PRAYER FOR RELIF**

103.   WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and entry of an award of equitable relief as follows:

A.   That Defendants, and each of their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts of the United States, preliminarily, during the course of this litigation and permanently from: (i) distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the Harmony Marks and/or other indicia of the Harmony Goods in which the Harmony identification codes have been rendered illegible; (ii) shipping any Harmony Goods without properly identifying and packaging the flammable goods as required by the Hazardous Materials Transportation Act of 1975; (iii) making any representations that are likely to mislead consumers into believe they are Authorized Harmony Distributors or that Plaintiffs approve of Defendants' distribution of any Harmony Goods; (iv) contacting any Authorized Harmony Distributor with regard to purchasing Harmony Goods, and (v) with respect to the Copyright Defendants, copying, reproducing or publishing any copyrighted work owned by Plaintiffs including the Harmony Works.

B.   That Defendants account to and pay Plaintiffs for all profits and actual damages resulting from Defendants unlawful activities.

C.   That Defendants surrender to Plaintiffs all unlawfully obtained Harmony Goods, including any Harmony Goods having defaced or obliterated identification codes, in Defendants' possession or control.

D.    That Copyright Defendants pay to Plaintiffs statutory damages pursuant to 17 U.S.C. §504 for willful direct, vicarious, and/or contributory copyright infringement for the willful infringement of dozens of copyrighted Harmony works.

E.    That Defendants pay to Plaintiffs punitive and/or enhanced damages, including treble damages where appropriate.

F.    That Defendants pay to Plaintiffs pre-judgment interest on its respective judgment.

G.    That Defendants pay to Plaintiffs their costs, reasonable attorney's fees, and investigative fees.

H.    That Defendants pay to Plaintiffs such other and further relief as this Court deems just and proper.

DATED this 17th day of December, 2015

Respectfully submitted,

/s/ Todd M. Malynn
TODD M. MALYNN
Bar No.: 181595
Email: tmalynn@feldmangale.com
**FELDMAN GALE, P.A.**
*Attorneys for Plaintiff*
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone: (213) 625-5992
Facsimile: (213) 625-5993

COMPLAINT